IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH BRITTO and YVONNE BRITTO,

    Plaintiffs,

  v.

BANK OF AMERICA, N.A., *et al.*

    Defendants.

No. C 13-03508 WHA

**ORDER RE
MOTION TO DISMISS**

## INTRODUCTION

In this foreclosure action, defendants move to dismiss the complaint for lack of standing and failure to state a claim. To the extent stated below, defendants' motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiffs Keith and Yvonne Britto took out a promissory note and deed of trust with Realty Mortgage, LLC.[*] In 2006, Realty Mortgage sold its interest in plaintiffs' note and deed of trust via securitization to Countrywide Home Loans, Inc., which acted as "originator, sponsor, and seller of the securitization process." Countrywide sold its interest in plaintiffs' deed of trust to Countrywide Mortgage Backed Securities, Inc. ("CMBS") as depositor, and CMBS assigned all of its interest to defendant Bank of New York Mellon ("BNY Mellon") as trustee for the certificate holders of the securitized trust. Countrywide Home Loans was the servicer of the

---

[*] The complaint confusingly oscillates between "mortgage" and "deed of trust." The existence and authenticity of a deed of trust has been judicially noticed, so this order will refer to a deed of trust and promissory note.

trust until July 1, 2008, when it was purchased by defendant Bank of America ("BOA") and BOA assumed the rights as servicer of the trust (Compl. ¶¶ 4, 10, 12–13).

Plaintiffs allege a host of violations during the securitization process. Realty Mortgage allegedly did not endorse or record a sale or assignment of the deed of trust to any entity and Countrywide Home Loans allegedly did not endorse or record a sale or assignment to BNY Mellon. Failure to endorse or record the transfers of ownership of the deed of trust and note allegedly violated the governing pooling and servicing agreement of the securitized mortgage and the real estate mortgage investment conduit ("REMIC") provisions of the deed of trust. The REMIC provisions of the deed of trust, which are intended to prevent double taxation for the sale of mortgage-backed securities, allegedly state that any procedural defects relating to the assignment of rights in the deed of trust and note weaken or defeat defendants' right to foreclose on the property. Thus, plaintiffs argue that BOA does not retain servicing rights to the deed of trust, BNY Mellon does not have any interest as legal trustee of the trust, and "no entity . . . has any valid lien or legal, recorded, documentable, standing on the Plaintiff's [sic] mortgage loan" (*id.* ¶¶ 14–15, 18–20, 26–27).

Moreover, defendant Mortgage Electronic Registration Systems, Inc. (MERS) was named beneficiary and nominee in the deed of trust prior to the securitization. In 2011, MERS transferred all of its beneficial interest under the deed of trust to BNY Mellon. Plaintiffs allege that after the deed of trust and promissory note were securitized in 2006 and improper transfers of ownership to the deed of trust occurred, MERS' nominal rights were extinguished. Thus, MERS could not have properly transferred its interests to BNY Mellon in 2011, and BNY Mellon cannot foreclose on the property now (i*d.* ¶¶ 32–36). Plaintiffs seek declaratory relief and claim breach of express agreements by defendants, breach of implied agreements by defendants, slander of title by defendants, violation of 18 U.S.C. 1962, and violation of California Business and Professions Code Section 17200.

On March 13, 2010, represented by bankruptcy counsel, plaintiffs filed for protection under Chapter 7 of the Bankruptcy Code. Both plaintiffs' bankruptcy petition and the resulting bankruptcy discharge order have been judicially noticed. In the schedule of assets

2

accompanying the bankruptcy petition, plaintiffs failed to disclose the claims they assert here (RJN, Exh. A at 13). This order follows full briefing and oral argument.

## ANALYSIS

To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Because plaintiffs lack standing, however, this order does not reach the question of whether they have pled sufficient facts to maintain the current action. Our court of appeals has been clear about the legal consequences of failing to disclose potential claims to the bankruptcy court; plaintiffs' claims against defendants belong to their bankruptcy estate. The commencement of a bankruptcy case creates a bankruptcy estate that holds all legal and equitable interests in a person's assets. 11 U.S.C. 541(a). The estate consists of all tangible, as well as intangible, assets, including claims for relief owned at the time of the bankruptcy petition. *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (citations omitted). Because upon filing for bankruptcy, the debtor's claims belong to the bankruptcy estate, the debtor loses standing to pursue them. *Ibid.*

Bankruptcy claimants have an affirmative duty to "schedule" all of their assets and liabilities, *i.e.*, disclose and list them for the bankruptcy court. 11 U.S.C. 521(a). Any unscheduled assets, *i.e.*, assets the claimant fails to list during the bankruptcy proceedings, are permanently held by the bankruptcy estate at the close of the proceedings. 11 U.S.C. 554(d). Unscheduled assets include claims for damages. *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001). Thus, a plaintiff who fails to disclose a claim therefore lacks standing to assert it and "the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claim." *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *3 (N.D. Cal. July 13, 2011) (Judge Phyllis Hamilton). Property is not abandoned by the trustee by operation of law unless the debtor formally schedules the property before the close of the case. *Cusano*, 264 F.3d at 946.

In the opposition to defendants' motion to dismiss, plaintiffs' sole rebuttal is that they listed the subject property and therefore "Plaintiff's [sic] causes of action c [sic] pertaining to the Subject Property identified as property of the estate have been properly identified" (Opp. at 6).

3

Our court of appeals, however, has specifically stated that "[c]auses of action are separate assets which must be formally listed" and "[s]imply listing the underlying asset out of which the cause of action arises is not sufficient." *Cusano*, 264 F.3d at 947. Thus, plaintiffs' argument fails.

At the October 10 motion hearing, plaintiffs argued for the first time that the complaint references a 2011 assignment of the deed of trust to defendant BNY Mellon and therefore creates a post-petition claim for relief. This order notes that plaintiffs did not raise this argument in their opposition to defendants' motion to dismiss. Regardless, this argument also fails. The 2011 assignment was merely an incidental effect of events that preceded plaintiffs' 2010 bankruptcy petition. Realty Mortgage, the original lender, sold its interest in the deed of trust via securitization in 2006 (Compl. at 20). Plaintiffs were aware of this as they admitted in the schedule attached to their bankruptcy petition that defendant BOA, and not Realty Mortgage, has a secured lien interest in the subject property (RJN, Exh. A at 16). The doctrine of judicial estoppel prevents plaintiffs from claiming that BOA has a secured lien interest in the property to the bankruptcy court but later denying that BOA owns a secured interest after they received a discharge order from the bankruptcy court. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Moreover, the complaint details defendants' allegedly wrongful activity by asserting a "securitizing trail" that began in 2006 (Compl. ¶ 10–15). Plaintiffs' claims against defendants belong to the bankruptcy estate because they arise from known facts that preceded the bankruptcy petition. Thus, plaintiffs lack standing to bring this action.

## CONCLUSION

To the extent stated above, defendants' motion to dismiss is **GRANTED**. Plaintiffs may petition the bankruptcy court to reopen their case. If that succeeds, plaintiffs may possibly be able to file a new lawsuit. This one, however, is at an end.

**IT IS SO ORDERED.**

Dated: October 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4